# Yaukey, Appellant, *v.* Forney.

*Evidence—Real estate—Ejectment—Lease—Notice of prior lease— Competency of witness.*

1. The rule that the vague reports of strangers or information given by a person not interested in a property are insufficient to put a purchaser thereof on inquiry as to its title and ownership, does not apply to a notice given by the father of the holder of the paper title where it appears that the father and son had joined in executing a prior lease for the property and for many years had shared equally in the profits arising therefrom.

2. In an action of ejectment where it appears that the holder of the paper title of the land in dispute and his father had by a written agreement under seal but never acknowledged or recorded leased the ground to the plaintiff for fifty years for the use of digging and shipping sand, the plaintiff agreeing to pay the lessors five cents per ton shipped, that the plaintiff dug and shipped sand for six years and paid the royalties in equal shares to the two lessors, and that thereafter the holder of the paper title by a written agreement leased to the defendant in possession the same tract of land, for the purpose of mining clay and sand, for five years, with an option of purchase, the father is competent to prove that he gave the present possessor notice of the former lease made to the plaintiff.

3. Jacques v. Weeks, 7 Watts, 261, and Churcher v. Guernsey, 29 Pa. 84, commented upon and distinguished.

Argued March 6, 1911. Appeal, No. 78, Jan. T., 1910, by plaintiff, from judgment of C. P. Franklin Co., Feb. T., 1908, No. 111, on verdict for defendants in case of Jeremiah S. Yaukey v. W. L. Forney, W. L. Craig, Calvin Theodore Tolbert and Tilman Tolbert. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Ejectment for land in Guilford township. Before GILLAN, P. J.

The facts appear in the opinion of the Supreme Court.

On the trial, while the plaintiff's witness Tilman Tolbert was on the stand, the following offer was made:

Mr. Sharpe: We propose to prove by this witness and other witnesses that W. L. Craig, before he received and took the lease from Calvin Theodore Tolbert, had express notice of the fact that J. S. Yaukey, the plaintiff, held a lease on this piece of ground from Tilman Tolbert and Calvin Theodore Tolbert, notice from both Tilman Tolbert, this witness, and from Calvin Theodore Tolbert.

Mr. Walter: This is objected to because the witness, Tilman Tolbert, is a stranger to the title and it has not been shown that he has any interest in the property such as would require the defendant, Craig, to inquire because of the information he received from him.

The Court: The evidence offered upon this trial to show title in Tilman Tolbert is not of that character from which a resulting trust can be established; it is too vague, uncertain and doubtful; therefore, there is nothing in the case to show that Tilman Tolbert was in any wise interested in the land; a notice from him to the defendant of an outstanding lease was no notice, because the defendant was not bound to keep any account of it; the only persons who could give such notice are persons interested in the title; therefore, the objection is sustained; the evidence is rejected, and bill sealed to the plaintiff.

Verdict for defendants and judgment thereon. Plaintiff appealed.

*Error assigned* was refusal to admit the above offer.

*Walter K. Sharpe*, with him *Irvin C. Elder*, for appellant.—The offer should have been admitted: Butcher v. Yocum, 61 Pa. 168.

*Charles Walter*, with him *John D. Rice, J. A. Strite* and *Arthur W. Gillan*, for appellees.—Information given by a person not interested in the property is not sufficient notice: Jaques v. Weeks, 7 Watts, 261; Kerns v. Swope, 2 Watts, 75; Woods v. Framere, 7 Watts, 382; Churcher v. Guernsey, 39 Pa. 84.

OPINION BY MR. JUSTICE MESTREZAT, April 10, 1911:

Calvin Theodore Tolbert and Tilman Tolbert, his father, by a written agreement dated May 7, 1890, leased to J. S. Yaukey, the plaintiff, twenty-three acres of mountain land in Franklin county, Pennsylvania, "for the use of mining or digging and shipping of sand for fifty years." The lessee agreed to pay the lessors five cents per ton for all sand shipped by him. The lease was under seal but was not acknowledged or recorded. Prior to the lease, Yaukey had taken out and shipped some sand from the tract, and after obtaining the lease continued to dig and

ship sand for about six years and removed about 700 tons. The royalties due on the sand were paid by Yaukey in equal shares to the two lessors.

By a written agreement dated April 14, 1899, Calvin Theodore Tolbert leased to W. L. Craig, one of the defendants, for the term of five years, the same tract of land for the purpose of mining and removing clay and sand therefrom for which the lessee was to pay five cents per ton. The lessor gave the lessee an option to purchase the land within the life of the lease for the consideration therein named. Craig having taken possession of the property under the lease, Yaukey, the lessee in the former lease, brought this action of ejectment. On the trial of the cause the plaintiff offered to prove by Tilman Tolbert that before Craig took the lease from Calvin Theodore Tolbert he had express notice from the witness that Yaukey held a lease on the land from Tilman Tolbert and Calvin Theodore Tolbert. The defendant objected "because the witness, Tilman Tolbert, is a stranger to the title and it has not been shown that he has any interest in the property such as would require the defendant, Craig, to inquire because of the information he received from him." The learned court excluded the offer on the ground that there was nothing in the case to show that Tilman Tolbert was interested in the land in dispute, and hence notice by him to the defendant of an outstanding lease was insufficient. This is the only question which need be considered on this appeal.

The court below based its ruling on Jaques v. Weeks, 7 Watts, 261, Churcher v. Guernsey, 39 Pa. 84, and kindred cases in which it is held that the vague reports of strangers or information given by a person not interested in the property are insufficient to put the purchaser on inquiry as to the title and ownership of the property. We are of the opinion, however, that the present case is not ruled against the plaintiff by the cases referred to. The doctrine announced in those cases may be conceded to be the rule in this state, but it does not exclude Tilman Tolbert as a

witness to prove the notice of the former lease given to the plaintiff. Mr. Justice THOMPSON, delivering the opinion in Churcher v. Guernsey, 39 Pa. 84, and citing the earlier cases says (p. 86): "Anything that would put a prudent man upon inquiry, it has often been held, is equivalent to notice. It is not easy, at all times, to define what circumstances should have this effect. . . . But rumors are neither notice, nor the ground-work for the required inquiry. Actual notice must be by direct information from a person who has an interest in the estate, or who may be affected by the purchase." Recognizing this as the correct rule, it is apparent that Tilman Tolbert had such an interest in the premises in dispute as to make him a competent witness to prove notice of the lease given by himself and his son to the plaintiff. The evidence disclosed the fact that prior to the lease of 1890 to the plaintiff, Tilman Tolbert was frequently on this tract of land cutting and hauling wood. It is conceded that Calvin Theodore Tolbert, the son, had the paper title to the land at the time the lease was executed. He permitted his father, Tilman, to join with him in the lease to Yaukey for fifty years, and for six years thereafter the plaintiff mined the sand and divided the royalties between the father and the son. At the date of the second lease, in 1899, by Calvin Theodore Tolbert to Craig, the former lease was still valid and authorized the lessee to continue mining and removing the sand. Tilman Tolbert at that time, therefore, was interested in the premises to the extent of one-half of the royalties due by the lessee to himself and his son. To that extent he was interested in the property. Conceding that the son, Craig's lessor, owned the property, he had the undoubted right to give the whole or any part thereof to his father. That he did give him an interest appears by the fact that he permitted the father to become a joint lessor in the lease to the plaintiff, thereby authorizing him to receive one-half of the royalties, and which he did receive after the execution and delivery of the lease to Yaukey. The effect of the lease was to make the lessee the tenant

of the father as well as of the son. They were then both in possession of the premises through their tenant who could not dispute the title of either of his lessors regardless of the validity of the lease or the true ownership of the property.

The facts of the present case, we think, do not bring it within the ruling of the cases cited and relied on by the learned court in excluding the testimony. The information which Tilman Tolbert gave to Craig was not an idle rumor nor a vague report circulated in the community in regard to the former lease. Nor was the notice given by a person not interested in the estate, or by one who was not affected by the second 'lease. On the contrary, Tilman Tolbert was in possession of the premises through his tenant at the very time the second lease was given. He was certainly "affected by the" second lease because it deprived him of one-half of the royalties on the sand which would be mined and removed from the premises under the first lease. He was, therefore, directly interested, and his rights were clearly invaded by the lease given to Craig, and by the latter's entry on the land and the exercise thereon of the rights conferred by the lease. It necessarily follows that he was a competent witness and the exclusion of his testimony was error.

The assignment is sustained, and the judgment of the court below is reversed with a venire facias de novo.